UNITED STATES, Appellee,

v.

Richard J. DONOVAN, Defendant, Appellant.

No. 93–1051.

United States Court of Appeals, First Circuit.

Submitted June 1, 1993.

Decided July 1, 1993.

James S. Dilday and Grayer & Dilday, Boston, MA on brief for defendant, appellant.

A. John Pappalardo, U.S. Atty., and Stephen A. Higginson, Asst. U.S. Atty., Boston, MA, on brief for appellee.

Before BREYER, Chief Judge, SELYA and BOUDIN, Circuit Judges.

PER CURIAM.

This appeal presents a single issue involving the sentencing guidelines. Defendant Richard Donovan, having received a two-level reduction in his offense level for acceptance of responsibility under § 3E1.1(a), claims he was instead entitled to a three-level reduction under § 3E1.1(b). The latter provision, which took effect on November 1, 1992, permits an additional one-level reduction "for certain defendants whose acceptance of responsibility includes assistance to the government in the investigation or prosecution of their own misconduct." U.S.S.G.App. C, Amendment 459 (1992). We find no clear error in the district court's determination

that § 3E1.1(b) was inapplicable, and therefore affirm.

After negotiating a plea agreement with the government, defendant pled guilty in September 1992 to five offenses: bank robbery, *see* 18 U.S.C. § 2113(a), conspiracy to commit bank robbery, *see id.* § 371, carrying a firearm during a crime of violence, *see id.* § 924(c), and two counts of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g).[1] On November 4, 1992, he was sentenced to a total of 22 and one-half years in prison.[2] The principal issue at sentencing was the appropriate reduction for acceptance of responsibility under § 3E1.1. That provision, as amended, reads as follows:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (1992). Defendant contends that he satisfied both subsection (b)(1) and (b)(2). The district court justifiably found that he satisfied neither.

██ As to subsection (b)(1), defendant maintains that he provided complete information about his own involvement in the offenses charged, and that he only balked at revealing (1) his codefendant's involvement in the robbery and (2) his own involvement in uncharged offenses. The record belies these contentions. The presentence report (PSR) indicates that defendant provided only a "skeletal description" of the events surrounding the robbery, and that he "spoke extremely reluctantly and provided minimal details" concerning his own participation. To be sure, such reticence appears to have been prompted primarily by a desire not to inform on his codefendant. Yet, whatever the motivation, the result was a less than "complete" account of defendant's own involvement.[3] Indeed, in response to a direct inquiry from the court, defense counsel acknowledged that his client "never provided" such information. Counsel contended simply that the government had never requested it—an explanation which the government disputes and which would prove inadequate in any event.

In addition, the PSR notes that defendant "denied the known information" that there was a "switch car waiting ... some distance from the bank location." This fact alone would have sufficed to render subsection (b)(1) inapplicable. Indeed, it might even have justified a denial of the two-level reduction under subsection (a). *See, e.g.,* U.S.S.G. § 3E1.1, comment. (n. 1(a)) ("a defendant who falsely denies ... relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility"); *United States v. Olea,* 987 F.2d 874, 878 (1st Cir.1993) (while defendant need not accept responsibility for dismissed charges, the giving of materially false information with respect thereto justified denial of § 3E1.1 reduction); *see also United States v. Ocasio–Rivera,* 991 F.2d 1, 4 (1st Cir.1993) (§ 3E1.1 reduction may be denied where "a defendant resorts to evasions, distortions, or

---

**1.** One of the "felon in possession" offenses occurred in June 1991. The other four charges arose from defendant's participation, along with his codefendant, in an armed robbery of a bank in Peabody, Massachusetts in March 1992.

**2.** The district court selected the lower end of the applicable sentencing range; no departure therefrom was undertaken. Appellate jurisdiction

(which the government does not contest) therefore exists under 18 U.S.C. § 3742(a)(2).

**3.** Although the government argues the point, we need not decide whether, or to what extent, a defendant who pleads guilty to a conspiracy charge might be required to disclose the involvement of his coconspirator(s) in order to satisfy subsection (b)(1).

half-truths in an effort to minimize his culpability, whether during a presentence interview or in his allocution").[3]

■ In order to qualify under subsection (b)(2), "the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." U.S.S.G. § 3E1.1, comment. (n. 6). It is undisputed that no such benefits were realized here. The case was on the verge of trial on two occasions (requiring governmental preparation in each instance), and the plea agreement was reached only on the eve of the second trial date. The parties have offered varying explanations for this delay—a dispute which the district court failed to resolve.[4] Yet resolution thereof was unnecessary, as subsection (b)(2) could properly have been found not to apply even under defendant's version of events.

The court below suggested that subsection (b)(2) would apply only where a defendant expresses a readiness to plead guilty without condition, forgoing any attempt to bargain with the government. Defendant contends that such a view is overly restrictive, and that a defendant should not be required to relinquish his right to negotiate the most favorable possible "deal" in order to qualify for a subsection (b)(2) reduction. This argument is not without considerable force. Where such negotiations result in a guilty plea well in advance of any trial date, such that the government is spared the task of preparing for trial, the purposes of this provision would appear fully satisfied.[5] Yet we need not decide this issue here, inasmuch as the circumstances at hand are quite different. As mentioned, the parties reached a plea agreement on the eve of the second trial date, after the government had fully prepared for trial.[6] And whatever the reasons for the delay in reaching that agreement, there is no suggestion that the government unreasonably prolonged the negotiations in order to deprive defendant of the additional reduction. Defendant contends only that the government initially adopted a hard-line

3. In *United States v. Perez–Franco*, 873 F.2d 455 (1st Cir.1989), we held that a defendant need only accept responsibility for the counts to which he is pleading guilty in order to receive a § 3E1.1 reduction. Defendant seeks to invoke this rule by suggesting that any disclosure as to the "switch car" would have involved an uncharged offense of automobile theft. Yet defendant is reported to have denied, not that the switch vehicle was stolen, but that it existed at all. Moreover, use of a second car was not unrelated to the offenses to which he pled guilty; it was alleged as an overt act in the conspiracy count of the indictment. In any event, the PSR states that defendant "admitted to having a stolen car." And the PSR's description of the bank robbery (which the district court adopted without objection from defendant) notes that both vehicles used in connection therewith had been stolen. Defendant's reliance on *Perez–Franco* is therefore misplaced.

Contrary to defendant's related contention, we also note that it was the government (not the court) which remarked at sentencing upon his refusal to reveal the origin of the firearm. The court confined its attention to the extent to which defendant described his own involvement in the charged offenses.

4. Defendant alleges that his offer to plead guilty was on the table at all times; that the government refused to offer any concessions in an attempt to induce defendant to provide informa-

tion against his codefendant; and that only when the codefendant agreed to plead guilty did the government acquiesce in the terms proposed by defendant. The government, by contrast, contends that defendant was holding out for additional concessions and modified his stance only at the last minute.

5. Whatever confusion exists in this regard derives from the fact that subsection (b)(2) refers to the time when a defendant announces his "intention" to enter a guilty plea, not to the time when the actual plea occurs. The announcement of an intention to plead—let alone a less formal expression of tentative interest in doing so—is hardly an immutable event. In countless cases, of course, defendants indicate a willingness at least to consider the possibility of a plea, and then pursue the matter to a conclusion, or not, depending on the government's response. To determine how subsection (b)(2) operates in this fluid context, one must rely on its underlying purpose of promoting "prosecutorial and judicial economy." *United States v. Rios–Paz,* 808 F.Supp. 206, 209 (E.D.N.Y.1992).

6. Defendant emphasizes that the government was required, in any event, to prepare for the trial of his codefendant (who apparently disclaimed any interest in a guilty plea until the last minute). This fact, however, has little relevance to the issue of whether defendant himself can invoke subsection (b)(2).

stance in order to induce him to cooperate against his codefendant. Even if true, this allegation carries no connotation of bad faith on the part of the government.

 Whether a defendant has accepted personal responsibility is a "fact-dominated issue." *United States v. Royer*, 895 F.2d 28, 29 (1st Cir.1990). Largely for this reason, we have held that a decision to withhold a two-level reduction under § 3E1.1(a) will not be overturned unless clearly erroneous. *See, e.g., id.; see also* U.S.S.G. § 3E1.1, comment. (n. 5) ("the determination of the sentencing judge is entitled to great deference on review"). The same standard necessarily governs our review of a decision to withhold a three-level reduction under § 3E1.1(b). For the reasons stated above, we find no clear error in the instant case. As it plainly appears that no substantial question is presented, the judgment is summarily affirmed under Loc.R. 27.1.

*Affirmed.*