8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco Rios GALLARDO, Defendant-Appellant.
 No. 93-50080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 17, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Rios Gallardo appeals his sentence imposed under the Sentencing Guidelines, following his guilty plea to possession of marijuana with intent to distribute. Although he received a two-level reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a), he contends that the district court erred by denying him an additional one-level reduction under section 3E1.1(b). We reject his contention and affirm.
 
 
 3
 Gallardo was originally sentenced in 1991. After a previous appeal, his case was remanded and he was resentenced in December 1992. Effective November 1, 1992, section 3E1.1 was amended to permit an additional one-level reduction in the base offense level for defendants who timely plead guilty under certain circumstances. There is no ex post facto problem because the 1992 amendment could result in a decrease in Gallardo's sentence. Therefore, the district court properly applied the version of the Sentencing Guidelines in effect on the date of resentencing. See United States v. Fagan, 996 F.2d 1009, 1018 (9th Cir.1993).
 
 
 4
 Gallardo argues that he should receive the additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b)(2). To qualify under that subsection, the defendant must have "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently."
 
 
 5
 Whether a defendant has accepted responsibility is a factual determination that we review under the clearly erroneous standard. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990); see also U.S.S.G. § 3E1.1, comment. (n. 5) ("determination of the sentencing judge is entitled to great deference on review"). We apply the same standard to our review of a decision to withhold an additional one-level reduction under 3E1.1(b). United States v. Schau, 1 F.3d 729, Nos. 93-2024NI, 93-1951NI, 1993 WL 311762 (8th Cir. Aug. 19, 1993) (per curiam); United States v. Donovan, 996 F.2d 1343, 1346 (1st Cir.1993); see also U.S.S.G. § 3E1.1, comment. (n. 6) (timeliness of defendant's acceptance of responsibility is "context-specific").
 
 
 6
 Here, the government opposed the additional one-level reduction on the basis that Gallardo pleaded guilty the day before trial, after a motion and hearing at which a witness was called and testified. In denying the reduction, the district court said:
 
 
 7
 It's the timing--and by pleading on the day prior to trial or the day for the motions in limine. The Government had spent the time doing its trial preparation and, for that reason, not based on whether he brought a motion or not, the Court does not believe that he qualifies--although he might qualify for super acceptance in a general sense, the Court does not believe that the purposes behind super acceptance make it available to this Defendant, and the Court, in deciding whether or not to grant super acceptance in considering the timing of when he decided to plead, will deny him the super acceptance.
 
 
 8
 Gallardo contends that he qualified for the reduction because his attorney had negotiated a plea with the government more than one week before trial. The district court noted that "Whether you two did does not necessarily mean that the Defendant agrees, and I'm sure you all know that, until it's actually done here in open court, it may or may not necessarily be an actual agreement." Gallardo contends that there is no requirement in section 3E1.1(b)(2) that the notice must be given in open court.
 
 
 9
 The commentary to section 3E1.1 provides, in part:
 
 
 10
 In general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case. For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.
 
 
 11
 U.S.S.G. § 3E1.1, comment. (n. 6). We conclude that whether Gallardo notified the authorities the day before trial or the week before trial, that did not qualify as a "sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." U.S.S.G. § 3E1.1, comment. (n. 6). See Schau, --- F.3d ----, 1993 WL 311762, at * 1 (government had already prepared for trial before defendant confessed and pleaded guilty); Donovan, 996 F.2d at 1345-46 (plea agreement reached on the eve of second trial date did not qualify for subsection (b)(2) reduction); United States v. Marquez, 827 F.Supp. 205, No. S7-91-CR-451(SWK), 1993 WL 274195, at * 10 (S.D.N.Y. July 16, 1993) (plea agreement reached almost one month before trial did not qualify for reduction because of government preparation and court scheduling). We conclude that the district court did not clearly err when it denied Gallardo an additional one-level reduction for acceptance of responsibility.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3