29 F.3d 619
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Clifford K. TAPIA, Defendant, Appellant.
 No. 93-2306
 United States Court of Appeals,
First Circuit.
 June 9, 1994.
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Francis J. Boyle, Senior U.S. District Judge ]
 Marie T. Roebuck, with whom John F. Cicilline was on brief for appellant.
 Margaret E. Curran, Assistant United States Attorney, with whom Edwin J. Gale, United States Attorney, and Gerard B. Sullivan, Assistant United States Attorney, were on brief for appellee.
 D.R.I.
 VACATED AND REMANDED.
 Before Selya, Circuit Judge, Coffin and Bownes, Senior Circuit Judges.
 BOWNES, Senior Circuit Judge.
 
 
 1
 This appeal asks us to determine whether the district court failed to consider subsection (b)(1) of U.S.S.G. Sec. 3E1.1 in denying defendant- appellant, Clifford Tapia, an additional one-level reduction in his offense level for acceptance of responsibility.[1] Because it is likely that the court never considered Tapia's eligibility for the extra reduction under Sec. 3E1.1(b)(1), we vacate his sentence and remand so that the district court can apply that guideline.
 
 I.
 BACKGROUND
 
 2
 In February 1993 a grand jury returned a four-count indictment that charged Tapia with possession of heroin with (1) intent to distribute in violation of 18 U.S.C. Sec. 841(a)(1); (2) possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c); (3) being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g); and (4) possession of a firearm with an altered serial number in violation of 18 U.S.C. Sec. 922(k). Tapia informed the government that he was willing to plead guilty to the first, third and fourth counts in consideration for the dismissal of count two, the Sec. 924(c) count, which carried a mandatory minimum jail term of five years. The government declined to accept this conditional plea, and Tapia proceeded to trial on all four counts.
 
 
 3
 Trial commenced on September 27, 1993. On the second day of trial, after the government had rested, the parties entered into a plea agreement whereby Tapia agreed to plead guilty to counts one, three and four, in return for the government's dismissal of count two, the Sec. 924(c) count. On November 23, 1993, the district court sentenced Tapia to a prison term of forty-one months.[2] This appeal ensued.
 
 II.
 DISCUSSION
 
 4
 Tapia contends that the district court erred in failing to grant him an additional one-level reduction for acceptance of responsibility. Tapia received a two-level reduction under U.S.S.G. Sec. 3E1.1(a), but claims he was also entitled to an additional reduction of one level under U.S.S.G. Sec. 3E1.1(b), which requires the extra reduction if the defendant either "(1) timely provides complete information to the government concerning his own involvement in the offense; or (2) timely notifies authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." (Emphasis added.) The thrust of Tapia's argument on appeal is that the district court denied him the additional one-level deduction without ever considering subsection (b)(1).[3]
 
 
 5
 The issue of whether a defendant has accepted responsibility is "fact-dominated." United States v. Morillo, 8 F.3d 864, 871 (1st Cir. 1994); United States v. Donovan, 996 F.2d 1343, 1346 (1st Cir. 1993). It follows that we generally review a district court's decision to withhold a three-level reduction under Sec. 3E1.1(b) only for clear error. Morillo, 8 F.3d at 871; Donovan, 996 F.2d at 1346. Where, however, as is the case here, an improper application of the Guidelines is alleged, no such deference is warranted. United States v. Tavano, 12 F.3d 301, 307 (1st Cir. 1994). The question is not whether Tapia satisfied Sec. 3E1.1(b)(1)'s strictures, but whether the district court addressed the issue at all.
 
 
 6
 The government contends that the district court "expressly address[ed]" the Sec. 3E1.1(b)(1) question "and implicitly found the Defendant's cooperation less than complete." This characterization of the district court's ruling is both logically inconsistent and contrary to the record. It is clear that, despite defense counsel's explicit request that the district court consider Sec. 3E1.1(b)(1), the court focussed solely on the timing of Tapia's plea, i.e., Sec. 3E1.1(b)(2), in declining to award the additional one-level reduction for acceptance of responsibility:
 
 
 7
 It seems to me that the significant language of this guideline is the word "timely" and that it must be a rare circumstance indeed that where a Defendant pleads, not admits, but pleads to a charge after trial has commenced, indicates that the trial was required for purposes of bargaining with the government with respect to another charge to which he did not plead ultimately, that could hardly be said to be timely under any circumstances.
 
 
 8
 Transcript of Sentencing Hearing at 11-12. In denying Tapia the additional one-level reduction, the court never made even a veiled reference to the timeliness or the completeness of the information provided by Tapia to the government, which is the express subject of Sec. 3E1.1(b)(1). The government essentially asks us to play the role of mind readers and divine something in the district court's remarks that is simply not there. We decline to do so.
 
 
 9
 It seems probable that the district court's oversight stemmed from a similar deficiency in the presentence investigation report (PSI). The initial PSI recommended a two- level reduction for acceptance of responsibility and found that Tapia was not entitled to a three-level reduction because he did not enter a plea of guilty at a sufficiently early point in the process so that the government could avoid preparing for a trial, and the court could schedule its calendar efficiently. Tapia filed an objection to the report claiming that he was entitled to the extra reduction because, inter alia, "he provided complete information to the government concerning his own involvement in the offense." An addendum to the PSI responded that Tapia was not entitled to the extra one-level reduction because he did not enter a guilty plea until the second day of trial, and therefore did "not allow[ ] the court to use its resources efficiently." The PSI's failure to address Tapia's Sec. 3E1.1(b)(1) argument was repeated by the sentencing judge.
 
 
 10
 Because the district court failed to consider Tapia's eligibility for an extra one-level reduction pursuant to U.S.S.G. Sec. 3E1.1(b)(1), Tapia's sentence cannot stand.[4] We therefore vacate the sentence and remand the case so that the district court may consider whether Tapia is eligible for the additional reduction of one level under Sec. 3E1.1(b)(1).
 
 
 
 [1]
 The November 1993 edition of the guidelines applied in this case. See United States v. Quinones, No. 93-1601, slip op. at 2 n. 1 (1st Cir. May 20, 1994) (absent ex post facto considerations guidelines in effect at time of sentencing control). All Sentencing Guidelines references in this opinion are to that edition
 
 
 [2]
 The district court calculated an adjusted offense level of 18 and criminal history category of III. This produced a guideline sentencing range of thirty-three to forty-one months
 
 
 [3]
 Tapia recognizes that he is ineligible for the reduction under Sec. 3E1.1(b)(2)
 
 
 [4]
 We express no opinion as to the merits of Tapia's claim that he is entitled to the additional one-level reduction available under that guideline