June 16, 1994 UNITED STATES COURT OF APPEALS
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-2306

 UNITED STATES,

 Appellee,

 v.

 CLIFFORD K. TAPIA,

 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this court issued on June 9, 1994, is amended

as follows:

 Page 6, paragraph 2, line 2: Delete "a" after "for."

June 9, 1994 [NOT FOR PUBLICATION]
 [NOT FOR PUBLICATION]
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-2306

 UNITED STATES,

 Appellee,

 v.

 CLIFFORD K. TAPIA,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Francis J. Boyle, Senior U.S. District Judge]
 

 

 Before

 Selya, Circuit Judge, 
 
 Coffin and Bownes, Senior Circuit Judges.
 

 

Marie T. Roebuck, with whom John F. Cicilline was on brief for
 
appellant.
Margaret E. Curran, Assistant United States Attorney, with whom
 
Edwin J. Gale, United States Attorney, and Gerard B. Sullivan,
 
Assistant United States Attorney, were on brief for appellee.

 

 

 BOWNES, Senior Circuit Judge. This appeal asks us
 BOWNES, Senior Circuit Judge.
 

to determine whether the district court failed to consider

subsection (b)(1) of U.S.S.G. 3E1.1 in denying defendant-

appellant, Clifford Tapia, an additional one-level reduction

in his offense level for acceptance of responsibility.1

Because it is likely that the court never considered Tapia's

eligibility for the extra reduction under 3E1.1(b)(1), we

vacate his sentence and remand so that the district court can

apply that guideline.

 I.

 BACKGROUND
 

 In February 1993 a grand jury returned a four-count

indictment that charged Tapia with possession of heroin with

(1) intent to distribute in violation of 18 U.S.C. 

841(a)(1); (2) possession of a firearm during and in relation

to a drug trafficking crime in violation of 18 U.S.C. 

924(c); (3) being a felon in possession of a firearm in

violation of 18 U.S.C. 922(g); and (4) possession of a

firearm with an altered serial number in violation of 18

U.S.C. 922(k). Tapia informed the government that he was

willing to plead guilty to the first, third and fourth counts

 

1. The November 1993 edition of the guidelines applied in
this case. See United States v. Quinones, No. 93-1601, slip
 
op. at 2 n.1 (1st Cir. May 20, 1994) (absent ex post facto
considerations guidelines in effect at time of sentencing
control). All Sentencing Guidelines references in this
opinion are to that edition.

 -2-
 2

in consideration for the dismissal of count two, the 924(c)

count, which carried a mandatory minimum jail term of five

years. The government declined to accept this conditional

plea, and Tapia proceeded to trial on all four counts.

 Trial commenced on September 27, 1993. On the

second day of trial, after the government had rested, the

parties entered into a plea agreement whereby Tapia agreed to

plead guilty to counts one, three and four, in return for the

government's dismissal of count two, the 924(c) count. On

November 23, 1993, the district court sentenced Tapia to a

prison term of forty-one months.2 This appeal ensued.

 II.

 DISCUSSION
 

 Tapia contends that the district court erred in

failing to grant him an additional one-level reduction for

acceptance of responsibility. Tapia received a two-level

reduction under U.S.S.G. 3E1.1(a), but claims he was also

entitled to an additional reduction of one level under

U.S.S.G. 3E1.1(b), which requires the extra reduction if

the defendant either "(1) timely provides complete
 

information to the government concerning his own involvement
 

in the offense; or (2) timely notifies authorities of his
 

 

2. The district court calculated an adjusted offense level
of 18 and criminal history category of III. This produced a
guideline sentencing range of thirty-three to forty-one
months.

 -3-
 3

intention to enter a plea of guilty, thereby permitting the

government to avoid preparing for trial and permitting the

court to allocate its resources efficiently." (Emphasis

added.) The thrust of Tapia's argument on appeal is that the

district court denied him the additional one-level deduction

without ever considering subsection (b)(1).3

 The issue of whether a defendant has accepted

responsibility is "fact-dominated." United States v.
 

Morillo, 8 F.3d 864, 871 (1st Cir. 1994); United States v.
 

Donovan, 996 F.2d 1343, 1346 (1st Cir. 1993). It follows
 

that we generally review a district court's decision to

withhold a three-level reduction under 3E1.1(b) only for

clear error. Morillo, 8 F.3d at 871; Donovan, 996 F.2d at
 

1346. Where, however, as is the case here, an improper

application of the Guidelines is alleged, no such deference

is warranted. United States v. Tavano, 12 F.3d 301, 307 (1st
 

Cir. 1994). The question is not whether Tapia satisfied 

3E1.1(b)(1)'s strictures, but whether the district court

addressed the issue at all.

 The government contends that the district court

"expressly address[ed]" the 3E1.1(b)(1) question "and

implicitly found the Defendant's cooperation less than

complete." This characterization of the district court's

 

3. Tapia recognizes that he is ineligible for the reduction
under 3E1.1(b)(2).

 -4-
 4

ruling is both logically inconsistent and contrary to the

record. It is clear that, despite defense counsel's explicit

request that the district court consider 3E1.1(b)(1), the

court focussed solely on the timing of Tapia's plea, i.e., 
 

3E1.1(b)(2), in declining to award the additional one-level

reduction for acceptance of responsibility:

 It seems to me that the significant
 language of this guideline is the word
 "timely" and that it must be a rare
 circumstance indeed that where a
 Defendant pleads, not admits, but pleads
 to a charge after trial has commenced,
 indicates that the trial was required for
 purposes of bargaining with the
 government with respect to another charge
 to which he did not plead ultimately,
 that could hardly be said to be timely
 under any circumstances.

Transcript of Sentencing Hearing at 11-12. In denying Tapia

the additional one-level reduction, the court never made even

a veiled reference to the timeliness or the completeness of

the information provided by Tapia to the government, which is

the express subject of 3E1.1(b)(1). The government

essentially asks us to play the role of mind readers and

divine something in the district court's remarks that is

simply not there. We decline to do so.

 It seems probable that the district court's

oversight stemmed from a similar deficiency in the

presentence investigation report (PSI). The initial PSI

recommended a two-level reduction for acceptance of

responsibility and found that Tapia was not entitled to a

 -5-
 5

three-level reduction because he did not enter a plea of

guilty at a sufficiently early point in the process so that

the government could avoid preparing for a trial, and the

court could schedule its calendar efficiently. Tapia filed

an objection to the report claiming that he was entitled to

the extra reduction because, inter alia, "he provided
 

complete information to the government concerning his own

involvement in the offense." An addendum to the PSI

responded that Tapia was not entitled to the extra one-level

reduction because he did not enter a guilty plea until the

second day of trial, and therefore did "not allow[] the court

to use its resources efficiently." The PSI's failure to

address Tapia's 3E1.1(b)(1) argument was repeated by the

sentencing judge.

 Because the district court failed to consider

Tapia's eligibility for an extra one-level reduction pursuant

to U.S.S.G. 3E1.1(b)(1), Tapia's sentence cannot stand.4

We therefore vacate the sentence and remand the case so that
 

the district court may consider whether Tapia is eligible for
 

the additional reduction of one level under 3E1.1(b)(1).
 

 

4. We express no opinion as to the merits of Tapia's claim
that he is entitled to the additional one-level reduction
available under that guideline.

 -6-
 6