USCA1 Opinion

 

 June 16, 1994 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________ No. 93-2306 UNITED STATES, Appellee, v. CLIFFORD K. TAPIA, Defendant, Appellant. ____________ ERRATA SHEET The opinion of this court issued on June 9, 1994, is amended as follows: Page 6, paragraph 2, line 2: Delete "a" after "for." June 9, 1994 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 93-2306 UNITED STATES, Appellee, v. CLIFFORD K. TAPIA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin and Bownes, Senior Circuit Judges. _____________________ ____________________ Marie T. Roebuck, with whom John F. Cicilline was on brief for ________________ __________________ appellant. Margaret E. Curran, Assistant United States Attorney, with whom ___________________ Edwin J. Gale, United States Attorney, and Gerard B. Sullivan, _______________ ____________________ Assistant United States Attorney, were on brief for appellee. ____________________ ____________________ BOWNES, Senior Circuit Judge. This appeal asks us BOWNES, Senior Circuit Judge. ____________________ to determine whether the district court failed to consider subsection (b)(1) of U.S.S.G. 3E1.1 in denying defendant- appellant, Clifford Tapia, an additional one-level reduction in his offense level for acceptance of responsibility.1 Because it is likely that the court never considered Tapia's eligibility for the extra reduction under 3E1.1(b)(1), we vacate his sentence and remand so that the district court can apply that guideline. I. I. BACKGROUND BACKGROUND __________ In February 1993 a grand jury returned a four-count indictment that charged Tapia with possession of heroin with (1) intent to distribute in violation of 18 U.S.C. 841(a)(1); (2) possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c); (3) being a felon in possession of a firearm in violation of 18 U.S.C. 922(g); and (4) possession of a firearm with an altered serial number in violation of 18 U.S.C. 922(k). Tapia informed the government that he was willing to plead guilty to the first, third and fourth counts ____________________ 1. The November 1993 edition of the guidelines applied in this case. See United States v. Quinones, No. 93-1601, slip ___ _____________ ________ op. at 2 n.1 (1st Cir. May 20, 1994) (absent ex post facto considerations guidelines in effect at time of sentencing control). All Sentencing Guidelines references in this opinion are to that edition. -2- 2 in consideration for the dismissal of count two, the 924(c) count, which carried a mandatory minimum jail term of five years. The government declined to accept this conditional plea, and Tapia proceeded to trial on all four counts. Trial commenced on September 27, 1993. On the second day of trial, after the government had rested, the parties entered into a plea agreement whereby Tapia agreed to plead guilty to counts one, three and four, in return for the government's dismissal of count two, the 924(c) count. On November 23, 1993, the district court sentenced Tapia to a prison term of forty-one months.2 This appeal ensued. II. II. DISCUSSION DISCUSSION __________ Tapia contends that the district court erred in failing to grant him an additional one-level reduction for acceptance of responsibility. Tapia received a two-level reduction under U.S.S.G. 3E1.1(a), but claims he was also entitled to an additional reduction of one level under U.S.S.G. 3E1.1(b), which requires the extra reduction if the defendant either "(1) timely provides complete ___________________________ information to the government concerning his own involvement _____________________________________________________________ in the offense; or (2) timely notifies authorities of his _______________ __ ____________________ 2. The district court calculated an adjusted offense level of 18 and criminal history category of III. This produced a guideline sentencing range of thirty-three to forty-one months. -3- 3 intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." (Emphasis added.) The thrust of Tapia's argument on appeal is that the district court denied him the additional one-level deduction without ever considering subsection (b)(1).3 The issue of whether a defendant has accepted responsibility is "fact-dominated." United States v. ______________ Morillo, 8 F.3d 864, 871 (1st Cir. 1994); United States v. _______ _____________ Donovan, 996 F.2d 1343, 1346 (1st Cir. 1993). It follows _______ that we generally review a district court's decision to withhold a three-level reduction under 3E1.1(b) only for clear error. Morillo, 8 F.3d at 871; Donovan, 996 F.2d at _______ _______ 1346. Where, however, as is the case here, an improper application of the Guidelines is alleged, no such deference is warranted. United States v. Tavano, 12 F.3d 301, 307 (1st _____________ ______ Cir. 1994). The question is not whether Tapia satisfied 3E1.1(b)(1)'s strictures, but whether the district court addressed the issue at all. The government contends that the district court "expressly address[ed]" the 3E1.1(b)(1) question "and implicitly found the Defendant's cooperation less than complete." This characterization of the district court's ____________________ 3. Tapia recognizes that he is ineligible for the reduction under 3E1.1(b)(2). -4- 4 ruling is both logically inconsistent and contrary to the record. It is clear that, despite defense counsel's explicit request that the district court consider 3E1.1(b)(1), the court focussed solely on the timing of Tapia's plea, i.e., ____ 3E1.1(b)(2), in declining to award the additional one-level reduction for acceptance of responsibility: It seems to me that the significant language of this guideline is the word "timely" and that it must be a rare circumstance indeed that where a Defendant pleads, not admits, but pleads to a charge after trial has commenced, indicates that the trial was required for purposes of bargaining with the government with respect to another charge to which he did not plead ultimately, that could hardly be said to be timely under any circumstances. Transcript of Sentencing Hearing at 11-12. In denying Tapia the additional one-level reduction, the court never made even a veiled reference to the timeliness or the completeness of the information provided by Tapia to the government, which is the express subject of 3E1.1(b)(1). The government essentially asks us to play the role of mind readers and divine something in the district court's remarks that is simply not there. We decline to do so. It seems probable that the district court's oversight stemmed from a similar deficiency in the presentence investigation report (PSI). The initial PSI recommended a two-level reduction for acceptance of responsibility and found that Tapia was not entitled to a -5- 5 three-level reduction because he did not enter a plea of guilty at a sufficiently early point in the process so that the government could avoid preparing for a trial, and the court could schedule its calendar efficiently. Tapia filed an objection to the report claiming that he was entitled to the extra reduction because, inter alia, "he provided _____ ____ complete information to the government concerning his own involvement in the offense." An addendum to the PSI responded that Tapia was not entitled to the extra one-level reduction because he did not enter a guilty plea until the second day of trial, and therefore did "not allow[] the court to use its resources efficiently." The PSI's failure to address Tapia's 3E1.1(b)(1) argument was repeated by the sentencing judge. Because the district court failed to consider Tapia's eligibility for an extra one-level reduction pursuant to U.S.S.G. 3E1.1(b)(1), Tapia's sentence cannot stand.4 We therefore vacate the sentence and remand the case so that We therefore vacate the sentence and remand the case so that _____________________________________________________________ the district court may consider whether Tapia is eligible for the district court may consider whether Tapia is eligible for _____________________________________________________________ the additional reduction of one level under 3E1.1(b)(1). the additional reduction of one level under 3E1.1(b)(1). __________________________________________________________ ____________________ 4. We express no opinion as to the merits of Tapia's claim that he is entitled to the additional one-level reduction available under that guideline. -6- 6