29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wesley E. CARROLL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Royal Mayne HOPPER, Jr. Defendant-Appellant.
 Nos. 93-10214, 93-10241.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1994.*
Decided June 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Royal Mayne Hopper (Hopper) and Wesley E. Carroll (Carroll) appeal their sentences following a plea of guilty to several counts of an indictment charging various federal crimes arising from two robberies of the Stardust Casino in Las Vegas, Nevada. Because the parties are familiar with the facts, we do not restate them here.
 
 DISCUSSION
 A. ROYAL MAYNE HOPPER
 1. Role as Leader and Organizer
 
 3
 Hopper argues the district court erred in enhancing his sentence pursuant to U.S.S.G. Sec. 3B1.1(a). He argues he was not the leader or organizer of the conspiracy because all decisions were made "by committee" and because he did not exercise any degree of control or authority over the other participants.
 
 
 4
 We have held that where a defendant is the coordinator of the crime, a sentence enhancement for leadership in the crime is not in error. United States v. Avila, 905 F.2d 295, 299 (9th Cir.1990) (defendant coordinated procurement and distribution of drugs). Hopper was clearly the coordinator of the robberies. He was the originator of the scheme; he purchased vehicles, rented rooms and arranged flights in preparation for the second robbery. Further, the other participants relied on Hopper's inside knowledge of the Stardust's procedures and physical layout to organize both robberies.
 
 
 5
 Also, Hopper was a major recruiter of participants for the crimes. In his reply brief, Hopper admits recruiting his younger brother, Daniel Hopper, and at his sentencing hearing, he admitted recruiting both his sons, Bobby Lee Hopper and Jeffrey Hopper. Given his ability to persuade all three family members to participate in the crimes, we find Hopper exercised authority and control over his sons and his younger brother. This exercise of authority over numerous other participants is more than sufficient to justify an enhancement for leadership. See United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993) (requiring only that the defendant managed at least one other participant).
 
 
 6
 Finally, Hopper's contention that because decisions were made "by committee" he was not the leader is without merit. The fact that other participants were the defendant's coequal in decision making does not prohibit a finding of leadership. See United States v. Peters, 962 F.2d 1410, 1415 (9th Cir.1992) (holding that defendant was leader and organizer where there were only two participants in the crime who were coequal partners).
 
 
 7
 Based on Hopper's extensive planning and organization of the crimes and his recruitment of family members to participate in the scheme, we hold the district court did not clearly err in enhancing Hopper's offense level for his aggravating role as a leader and organizer pursuant to Sec. 3B1.1(a).
 
 2. Acceptance of Responsibility
 
 8
 The district court granted Hopper a two-level reduction for acceptance of responsibility under subsection (a) of Sec. 3E1.1. Hopper argues the district court should have also granted him a reduction pursuant to subsection (b) of Sec. 3E1.1. The Government first tendered a plea offer to Hopper on November 17, 1992. Hopper's trial was scheduled for January 4, 1993, although it was trailing other cases on the calendar. Hopper did not plead guilty until January 5, 1993. Thus, Hopper did not even plead guilty on the eve of trial, but instead he pled guilty one day after his scheduled trial date. See United States v. Donovan, 996 F.2d 1343, 1345-46 (1st Cir.1993) (holding no reduction under subsection (b)(2) where the defendant pled guilty on the eve of trial). Although his case was trailing others on the calendar, the prosecution necessarily had to be fully prepared in the event Hopper's trial proceeded on the scheduled date. As a result, Hopper's guilty plea did not spare the prosecution from the effort of preparing for trial, and we hold he has was not entitled to a reduction under Sec. 3E1.1(b)(2). See United States v. Hopper, No. 93-10183, slip op. at 6334 (9th Cir. filed June 15, 1994).
 
 
 9
 Similarly, we hold he was not entitled to a reduction under Sec. 3E1.1(b)(1). Hopper did not make a full disclosure of information until January 11, 1993. By this time, the Government had discovered nearly all its evidence through its own investigation or the confessions of other participants. See id. The only information Hopper provided that was unknown to the Government was the location of the Loomis guard's gun which Hopper had buried in the desert, but this information was not material to the Government's case.
 
 B. WESLEY E. CARROLL
 
 10
 Carroll argues the district court erred because it failed to make specific factual findings as required by Fed.R.Crim.P. 32(c)(3)(D) to support an increase in his offense level for obstruction of justice pursuant to U.S.S.G. Sec. 3C1.1. This contention is based on the factual inaccuracies between paragraphs 31 and 35 and the addendum to the presentencing report. Paragraph 31 states Carroll asked Hall to provide him with a false alibi and to hide a strongbox containing robbery proceeds; paragraph 35 and the addendum, conversely, state Carroll paid Hall for a false alibi and destroyed evidence of the robbery. Carroll denied that he attempted to pay for an alibi or that he destroyed evidence, but does not deny the facts as stated in paragraph 31.
 
 
 11
 Carroll's claim that the district court failed to comply with Rule 32(c)(3)(D) is without merit. Rule 32 clearly allows the district court to avoid making a factual finding where "no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D). The district court specifically stated an enhancement for obstruction was proper "even if ... limited to the facts set forth at paragraph 31," and "paragraph 31 ... supports ... enhancement ... for obstruction of justice." Based on these statements, we conclude the district court resolved the factual inaccuracies in Carroll's favor by accepting his denial of the controverted facts in paragraph 35 and found the lesser admitted facts in paragraph 31 sufficient to support an obstruction enhancement. The district court did not rely on the controverted facts in paragraph 35, and we hold that an obstruction of justice enhancement was proper based on the facts admitted in paragraph 31.
 
 
 12
 Further, Carroll's contention that his conduct does not rise to the level of obstruction is also without merit. In United States v. Atkinson, 966 F.2d 1270 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993), this court upheld an enhancement for obstruction of justice where the defendant instructed two witnesses to lie to federal agents during an investigation. Id. at 1277. Procurement of a false alibi is substantially the same as instructing witnesses to lie to federal agents, and we hold Carroll's request that Hill lie to provide him with a false alibi is sufficient to support an obstruction of justice enhancement.
 
 
 13
 Accordingly, we AFFIRM the sentences of Hopper and Carroll.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3