**UNITED STATES, Appellee,**

v.

**John Jairo MUNOZ, Defendant, Appellant.**

**No. 95–2133.**

United States Court of Appeals, First Circuit.

Submitted April 11, 1996.

Decided April 26, 1996.

Sara Rapport, San Diego, CA, on brief, for appellant.

Sheldon Whitehouse, United States Attorney, Margaret E. Curran, Assistant United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, Providence, RI, on brief, for appellee.

Before SELYA, BOUDIN and STAHL, Circuit Judges.

PER CURIAM.

Defendant-appellant John Jairo Munoz Estrada pled guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He appeals from his sentence on the sole ground that the district court erred in denying him a one-level reduction pursuant to U.S.S.G. § 3E1.1(b)(2) for "timely notifying authorities of his intention to enter a plea of guilty." We vacate his sentence and remand for resentencing.

"A defendant bears the burden of proving entitlement to decreases in the offense level, including downward adjustments for acceptance of responsibility. Once the sentencing court has ruled against him on such an issue, the defendant faces an uphill battle." *United States v. Morillo*, 8 F.3d 864, 871 (1st Cir.1993). "The clearly erroneous standard ... guides appellate review of district court determinations under section 3E1.1(b)." *Id.*

"The timeliness of the defendant's acceptance of responsibility is ... context specific." U.S.S.G. § 3E1.1, comment. (n. 6). To qualify for the additional one-level reduction under § 3E1.1(b)(2), the defendant "must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." *Id.*

In denying the one-level reduction for timeliness, the district court focused on the court's ability to "allocate its resources effi-

ciently," § 3E1.1(b)(2), rather than on the government's expenditure of resources in preparing for trial. (The government concedes in its brief that "[t]here was no direct evidence on the record that the prosecution had actually prepared for trial—outside of preparing responses to defense counsel's boilerplate motions.")[1] Specifically, the court emphasized that Munoz did not plead guilty until after the case was placed on the court's trial calendar.

 Wasting judicial resources is, of course, a valid ground for denying the extra one-level reduction. Here, however, the case was placed on the court's trial calendar on March 22, 1995. Munoz did not actually enter his plea until April 5, 1995. The language of § 3E1.1(b)(2) refers to the date that the defendant "notif[ies] authorities of his intention to enter a plea of guilty," not the date that the plea is entered. In this case, notification occurred on March 16, 1995, the date on which the parties filed their executed plea agreement with the court. Therefore, notification occurred before the district court placed the case on the trial calendar. It was clear error for the district court to rule that Munoz's acceptance of responsibility was untimely on the ground that it occurred after the case was placed on the court's trial calendar.

The sentence is *vacated* and the case is *remanded* for resentencing. At the new sentencing hearing, either side may proffer relevant information concerning the government's work in preparing the case up to the time of the plea agreement.

---

1. We do not suggest that work by prosecutors in responding to pretrial motions cannot, in many circumstances, constitute "preparing for trial" within the purview of § 3E1.1(b)(2). We merely point out that, here, the government gave the district court very little to work with, and, in all events, the court did not premise its denial of the added reduction on the government's preparatory work.