**UNITED STATES of America, Appellee,**

v.

**Paul WILLIAMS, Jr., Appellant.**

**No. 95–3184.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 17, 1996.

Decided June 21, 1996.

Teresa Alva, Assistant Federal Public Defender, argued the cause for the appellant. A.J. Kramer, Federal Public Defender, was on brief.

L. Jackson Thomas II, Assistant United States Attorney, argued the cause for the appellee. Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Roy W. McLeese, III and John M. Facciola, Assistant United States Attorneys, were on the brief.

Before: SILBERMAN, HENDERSON and TATEL, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

Appellant Paul Williams, Jr. filed a habeas petition to modify his sentence, arguing that his counsel rendered ineffective assistance by failing to move for a one-level reduction to his base offense level pursuant to section 3E1.1(b)(2) of the United States Sentencing Guidelines (guidelines). Section 3E1.1(b)(2)

rewards a defendant who "timely notif[ies] authorities of his intention to enter a plea of guilty." The district court denied the petition and we affirm.

### I.

On April 9, 1992 Williams was arrested on a charge of armed bank robbery. At his detention hearing the following day the district court put him on work release and ordered him to stay at a local halfway house. That same day the government sought his cooperation in the prosecution of his codefendant in exchange for a favorable plea arrangement, "something substantially less than an armed bank robbery." Joint Appendix (JA) 25–26. Williams declined the offer. On May 7 Williams and his codefendant were indicted and charged with armed bank robbery. At arraignment Williams pleaded not guilty. During a June 12 discovery conference the government tendered a formal plea offer: Williams could plead guilty to the lesser-included offense of unarmed bank robbery in exchange for his cooperation. Williams declined the offer and on June 15 the court scheduled his trial for September 29, 1992. On June 19 Williams absconded from the halfway house. JA 29. He was apprehended on June 25 and the next day the court ordered him held without bond pending trial.

On September 8 Williams told his counsel he wanted to change his plea because his codefendant had decided to plead guilty. That same day his counsel informed the prosecutor that Williams had authorized him to negotiate a plea agreement and the prosecutor offered to let Williams plead guilty to one count of unarmed bank robbery. JA 55. Williams accepted the offer between September 8 and September 23. The court accepted his plea at a hearing on October 5. On January 22, 1993 he was sentenced. Pursuant to section 3E1.1(a), the court reduced his base offense level by two levels for his acceptance of responsibility and sentenced him to 63 months (within the guideline range of 51–63 months). Williams appealed neither his conviction nor his sentence.

Eighteen months later Williams filed a 28 U.S.C. § 2255 petition to modify his sentence. He argued that his counsel rendered ineffective assistance by failing to request an additional one-level reduction pursuant to subsection (b)(2) of section 3E1.1, a reduction to which, he alleged, he was entitled by having "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." USSG § 3E1.1(b)(2). The district court denied the petition without a hearing. On appeal we remanded with these instructions:

> On remand the court should make factual findings regarding when appellant or his counsel first notified the government of appellant's desire to enter a guilty plea, and whether such notice was sufficiently timely and unequivocal that it relieved the government of the burden to prepare for trial. The district court should further determine whether, in light of the facts found, it would have granted appellant the additional one-point reduction provided by U.S.S.G. § 3E1.1(b)(2) had his counsel raised it at sentencing. Finally, the district court should reconsider appellant's motion filed pursuant to 28 U.S.C. § 2255 in light of the aforementioned findings and conclusions.

*United States v. Williams,* No. 95–3004, 1995 WL 418662 (D.C.Cir. June 28, 1995). After a remand hearing, at which Williams's trial counsel was the only witness, the court held that Williams had not established ineffective assistance under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court concluded, *inter alia,* that Williams was not entitled to the additional one-level reduction under subsection (b)(2) because his decision to plead guilty was untimely and did not permit the court to allocate its resources efficiently. JA 174. We conclude that its determination was not clearly erroneous. *See United States v. Morillo,* 8 F.3d 864, 871 (1st Cir.1993) ("The clearly erroneous standard ... guides appellate review of district court determinations under section 3E1.1(b)."). Accordingly we affirm.

## II.

Guidelines section 3E1.1, entitled "Acceptance of Responsibility," allows a defendant to obtain a reduction in his base offense level if and only if he accepts responsibility for his criminal conduct. "The reduction of offense level provided by this section recognizes legitimate societal interests.... [A] defendant who clearly demonstrates acceptance of responsibility for his offense ... is appropriately given a lower offense level than a defendant who has not demonstrated acceptance of responsibility." USSG § 3E1.1, comment. (backg'd). Subsection (a) of section 3E1.1 entitles a defendant to a two-level reduction if he demonstrates acceptance of responsibility by taking one or more steps indicating his contrition. *See id.* § 3E1.1, comment. (n.1) (non-exhaustive list of factors court may consider in determining whether reduction warranted).

■ In order to receive an additional one-level reduction under subsection (b) of section 3E1.1, the defendant must go one better: he must demonstrate his acceptance of responsibility by timely assisting authorities in the investigation or prosecution of his criminal activity. *Id.* § 3E1.1(b). The provision thus requires the defendant to show that he deserves the reduction because he in fact "assisted authorities in the investigation or prosecution of his own misconduct." *Id.* He can assist authorities in one of two ways: he can *timely* provide complete information to the government covering his own involvement in the offense (subsection (b)(1)) or he can *timely* notify authorities of his intention to plead guilty (subsection (b)(2)). "The timeliness of the defendant's acceptance of responsibility ... is context specific" but "[i]n general" the defendant acts in a timely

manner by assisting *"particularly early* in the case." *Id.* § 3E1.1, comment. (n.6) (emphasis added). "[T]o qualify under subsection (b)(2)," which is at issue here, "the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." *Id.* The provision "is designed to prevent the government from engaging in needless trial preparation and to give the overburdened trial courts an opportunity to allocate their limited resources in the most efficient manner." *United States v. Francis,* 39 F.3d 803, 808 (7th Cir.1994). A defendant does not receive the subsection (b)(2) one-level reduction unless the record manifests that he assisted the government with sufficient timeliness to (1) permit the prosecution to avoid trial preparation *and* (2) permit the court to allocate its resources efficiently. Because we conclude there is no clear error in the district court's determination that Williams's decision to plead guilty came too late to conserve judicial resources, we need not address the court's separate finding that Williams's tardy acceptance of responsibility did not allow the government to avoid preparing for trial.*

■ Before addressing the district court's determination that Williams did not permit the court to allocate its resources efficiently, we note that he did not notify the government "particularly early in the case" that he intended to plead guilty. Five months after rejecting the government's initial plea offer (extended on April 10), three months after rejecting the government's second plea offer (extended on June 12) and with his trial imminent, Williams changed his mind and

---

* According to Williams, the record does not reveal the extent to which the government was prepared for trial when it learned that he intended to plead guilty. He suggests that his acceptance of responsibility *via* a guilty plea constitutes a prima facie showing of timely assistance, at least in the absence of the government's contrary showing. But this is contrary to the structure of section 3E1.1. A defendant who accepts responsibility is entitled only to a two-level reduction under section 3E1.1(a). In order to receive the additional one-level reduction he must show something more, that he timely assisted in the

prosecution or investigation of his criminal activity. A record silent on the extent of the government's trial preparation does not establish that the defendant timely assisted authorities. Indeed, Williams's assertion that he assisted in the prosecution of his case sidesteps a point not lost on the district court, to wit, "the fact that defendant absconded from the work release facility where he had been placed, necessitating his arrest in order to proceed with the prosecution." JA 173. Far from assisting, Williams's escape jeopardized the prosecution of his case.

decided to plead guilty to the same reduced charge the government had originally offered. If a defendant turns down repeated plea offers and the court schedules his case for trial, the government can be expected to begin to prepare for trial, especially if the Speedy Trial Act clock is running. *See* 18 U.S.C. §§ 3161 *et seq.*

The district court determined that Williams's tardy change of heart in accepting responsibility for his criminal conduct did not permit the court to allocate its resources efficiently. In so concluding, the court cited two findings of fact. First, the court was not informed of Williams's decision to enter a guilty plea until "approximately three months after setting the trial date." JA 174. This finding is beyond dispute. On June 15, 1992 the court scheduled Williams's trial; on September 8 Williams notified the government that he wanted to change his plea. *See United States v. Kimple,* 27 F.3d 1409, 1414 (9th Cir.1994) ("[T]he district court may properly deny the reduction [if the defendant] failed to notify authorities of his intent to plead guilty ... before the court had set the calendar for trial.").

Second, the district court found that Williams's "case was not removed from the Court's trial calendar until six days before the scheduled trial date." JA 174. This finding is not clearly erroneous. Williams's trial counsel testified that he had assumed that a plea hearing would take place on September 29, the scheduled trial date. JA 55. On September 23 (six days before trial) the prosecutor told him "that he [the prosecutor] had been in contact with the Court's deputy clerk and that ... on September 23rd the case had been scheduled for a plea on October 5th." JA 67. The district court, it appears, legitimately assumed that the clerk's office would not have removed the case from the trial calendar before scheduling the plea hearing. *Cf. United States v. Robinson,* 14 F.3d 1200, 1203 (7th Cir.1994) (deferring to court's declared "knowledge of its own docket" and concluding that defendant, who agreed to plead guilty more than one week before trial and who entered plea four days before trial, failed to permit efficient allocation of judicial resources). More-

over, the clerk would not have removed the case from the trial calendar before Williams accepted the government's offer. *Cf. Morillo,* 8 F.3d at 872 (defendant's conditional offer to plead does not qualify as notice under section 3E1.1(b)(2) because "the court must still reserve calendar time" until condition is removed); *United States v. Sandles,* 80 F.3d 1145, 1150 (7th Cir.1996) ("In weighing a reduction under § 3E1.1(b), courts generally consider when the defendant actually pleads guilty, not when he enters into negotiations."). The record does not fix the date on which the defendant's scheduled trial date came off the calendar. *See* JA 67 (counsel testified, "In terms of finalizing the plea, Your Honor, I cannot give the Court a definitive date."). When asked whether he told the prosecutor on September 8 that "Williams would plead guilty," counsel answered that he told the prosecutor that Williams "had authorized [him] to enter plea *negotiations* with the government." JA 55 (emphasis added). Counsel "had an extensive plea conference with Mr. Williams at the jail on September 21st," *id.,* which suggests that Williams had not unequivocally accepted the government's offer before September 21. The parties, we note, did not execute a written agreement until after September 29. JA 57–58.

▉ Williams complains that because the record does not show *precisely* when the prosecutor notified the court of Williams's plea change or when his trial date came off the calendar, there is no support for the district court's determination that its resources were misspent. We have two responses. First, even if the case was removed from the calendar before September 23, we doubt that would have altered the court's determination, based on its "knowledge of its own docket," that it had not been notified sufficiently early in the process to enable it to schedule its calendar efficiently. *See Robinson, supra.* "If a decision to plead guilty is *likely* to result in an empty courtroom because the court has not been given sufficient time to reschedule its calendar, then the defendant has not met subsection (b)'s primary purpose of judicial efficiency." *United States v. Hopper,* 27 F.3d 378, 385 (9th Cir.1994) (emphasis added). Assuming

the court had been able to move another calendared case into the vacant spot, this may simply have resulted in a vacancy elsewhere on its calendar. Either way, searching for a suitable replacement case is hardly an efficient use of court resources. *Cf. United States v. Tolson,* 988 F.2d 1494, 1499 (7th Cir.1993) (court cannot easily reschedule calendar close to trial "because witnesses and counsel are not immediately available and cannot lay aside their other daily responsibilities and endeavors at the drop of a hat").

██ Second, Williams must bear the blame for any deficiencies in the record on this issue. *See United States v. Robinson,* 20 F.3d 270, 273 (7th Cir.1994) (defendant bears burden of proving entitlement to reduction under section 3E1.1(b)). Although it may make sense to put the burden on the government to show that it was engaged in trial preparation when Williams notified it of his intent to plead guilty, *see Kimple,* 27 F.3d at 1414 n. 6, the government does not *a fortiori* have the burden to show that Williams's decision to plead guilty did not permit the court to allocate its resources efficiently; information bearing on that issue is not peculiarly within the government's knowledge. If, as Williams contends, the record had to show precisely when the prosecutor informed the court of the plea change or when the case was removed from the calendar, Williams could have called the prosecutor or the clerk of court as a witness at the remand hearing or could have obtained an affidavit from either or both of them.

In this connection we must express our frustration with the parties' handling of the case both below and on appeal. Williams argues to us that it is the government's burden to show that his delay kept the court from allocating its resources efficiently. Yet he never asserted this below. For its part the government argues that it is Williams's burden to establish that the prosecution had not prepared for trial before learning that he intended to change his plea, a position the government never took below. In fact the government proceeded below as if *it* had to establish that it had prepared for trial. JA 21–22, 93–95. The government also (unwisely) assured the court that the government

"absolutely" could show the extent of its trial preparation even without a statement from the prosecutor. JA 21–22. The parties thus share the blame in presenting us with arguments which were not made below, no doubt contributing to the imprecision of the record on review.

For the foregoing reasons, the judgment of the district court is

*Affirmed.*