UNITED STATES, Appellee,

v.

Willy MARROQUIN, a/k/a Willy Adolfo Marroquin Mendez, Defendant, Appellant.

No. 97–1653.

United States Court of Appeals, First Circuit.

Heard Jan. 9, 1998.

Decided Feb. 17, 1998.

· Bruce Green, for appellant.

Margaret E. Curran, Assistant United States Attorney, with whom Sheldon Whitehouse, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, Providence, RI, were on brief for appellee.

Before STAHL, Circuit Judge, CAMPBELL, Senior Circuit Judge, and LYNCH, Circuit Judge.

CAMPBELL, Senior Circuit Judge.

This appeal is from the district court's confirmation of defendant's sentence following this court's previous remand directing it to reconsider that sentence. Defendant-appellant Willy Marroquin insists that the district court continues to err by denying him a one-level decrease pursuant to United States Sentencing Commission Guidelines Manual

("U.S.S.G.") § 3E1.1(b)(2).[1] The question before us is whether the district court exceeded its authority under the Guidelines in determining that the defendant failed to provide "timely notif[ication to] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b)(2). As we conclude the ruling was an abuse of discretion, we reverse.

## I. BACKGROUND

On February 1, 1995, a Rhode Island grand jury returned an eighteen-count indictment charging Marroquin and four other defendants with drug trafficking offenses. Marroquin was arraigned on February 3, 1995. On February 10, 1995 and March 5, 1995, Marroquin filed various pre-trial motions, including motions: (1) to retain rough notes; (2) for discovery and inspection; (3) to identify confidential informant; (4) for a bill of particulars; (5) to revoke his detention order; (6) to suppress contraband; (7) to sever defendants; and (8) to enlarge time to file pre-trial memoranda until April 30.

On March 22, 1995, the district court issued a Notice of Jury Calendar Call for Marroquin's case. This case, along with other pending cases, was set down to be called for trial on April 13, 1995.

On March 24, March 30, and April 3, 1995, the government responded to seven of Marroquin's pre-trial motions.[2] On April 4, a day after the government's last response, the government entered into a plea agreement with Marroquin. This agreement included the following:

The government agrees that if the Court is satisfied that the defendant has accepted

responsibility at the time of sentencing, the defendant should be entitled to a three-level reduction in offense level pursuant to U.S.S.G. § 3E1.1(b)(2).

The same day, Marroquin pleaded guilty to four counts of distributing heroin and one count of distributing cocaine.

The Presentence Investigation Report did not include any recommended adjustment for acceptance of responsibility, but the probation officer indicated that if the district court found that Marroquin had accepted responsibility, Marroquin should receive a three-level reduction under U.S.S.G. § 3E1.1, including a one-level reduction under U.S.S.G. § 3E1.1(b)(2) for entering a timely plea.

On September 26, 1995, the district court held a sentencing hearing, at which it heard argument on acceptance of responsibility. Consistent with its plea agreement, the government did not oppose the application of a three-level reduction, nor did it argue that Marroquin had failed to plead in a timely manner. However, without mentioning the specific U.S.S.G. § 3E1.1(b) criteria, the court stated that it was "prepared to allow the two-point reduction, not a three-point reduction under these circumstances."

Marroquin appealed to this court, alleging the district court had erred in denying him an additional one-level decrease under U.S.S.G. § 3E1.1(b)(2) without making any findings that he had failed to meet the relevant criteria. The government agreed with Marroquin that the district court had not properly applied U.S.S.G. § 3E1.1(b) and moved for summary disposition in Marroquin's favor. The government contended that Marroquin was entitled to the extra reduction because of his early plea and because the "record suggest[ed] no obvious basis for denying [the additional decrease]."

---

**1.** U.S.S.G. § 3E1.1(b) of the Guidelines requires a court to decrease by one level a defendant's offense level if:

[the defendant] qualifies for a decrease under subsection (a) [by clearly demonstrating acceptance of responsibility for his offense], the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by:

(1) timely providing complete information to the government concerning his own involvement in the offense; or
(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

**2.** The government did not respond to Marroquin's Motion to Enlarge Time to File Pre–Trial Memoranda up to and Including April 30, 1995.

On December 27, 1996, in an unpublished, per curiam opinion, we vacated Marroquin's sentence and remanded "to the district court for resentencing after consideration of the § 3E1.1(b) criteria."

On April 2, 1997, the district court held a resentencing hearing to determine whether Marroquin was eligible for a one-level decrease. Marroquin argued that he was entitled to the decrease because he had satisfied the criteria in the Sentencing Guidelines. The government attorney who had reached the initial plea agreement had died by the time of the resentencing hearing, but the new government lawyer declared that the files did not reflect any trial preparation on the government's part. The government explained that it had done a chemical analysis of the drugs and had responded to Marroquin's pre-trial motions, but the case file did not contain notes for examining witnesses, draft jury instructions, or other such material. The district court judge then examined the government's responses to Marroquin's motions.

Following the sentencing hearing, the district court again denied Marroquin's request for a one-level decrease. Despite the government's statements to the contrary, the court ruled that Marroquin had announced his intention to plead guilty too late to relieve the government of the burden of preparing for trial. The court observed that the case against Marroquin would not require "hours and hours of preparation," and that the government's main witness, an undercover DEA Agent, was familiar with the courtroom and had already prepared affidavits. Further, the court noted that the government had performed a chemical analysis on the controlled substances and had done "a great deal of work in responding to [Marroquin]'s motions, even up to the date before the plea agreement." Based on these observations, the court concluded that the government had engaged in significant trial preparation.

The court also mentioned in passing that it had "give[n] notice of the trial calendar prior to the time that the authorities were notified of intention to enter a plea of guilty." Accordingly, the district court denied Marroquin's request for a one-level decrease under § 3E1.1(b)(2).[3] Marroquin took this appeal.

## II. STANDARD OF REVIEW

 A sentencing court's evaluation of a defendant's acceptance of responsibility "is entitled to great deference on review." U.S.S.G. § 3E1.1, comment (n.5). Here, however, Marroquin has already been found to have accepted responsibility under § 3E1.1(a). This leaves open only the narrower question whether he has complied with the elements specified in § 3E1.1(b)(2) as preconditions to the additional one-level decrease. While we review Guidelines rulings of the district court under an abuse of discretion standard, the Supreme Court has said that a district court commits an abuse of discretion by definition when it makes an error of law. *Koon v. United States*, 518 U.S. 81, 94–102, 116 S.Ct. 2035, 2045–48, 135 L.Ed.2d 392 (1996). Hence to the extent it becomes a question of law whether there has been compliance with mandatory Guideline criteria such as those in § 3E1.1(b)(2), we do not defer to the district court. *See United States v. Talladino*, 38 F.3d 1255, 1264–65 (1st Cir.1994) (a district court lacks the discretion to deny the one-level adjustment when a defendant satisfies the relevant Guideline criteria). We will, of course, defer, in all such matters, to the district court's resolution of underlying facts and inferences, and pay careful attention to its reasoning. But if all Guideline criteria are met, and no basis to refuse the one-level decrease can be discerned, we cannot defer to the district court's refusal to grant the decrease.

## III. DISCUSSION

Marroquin contends that he met his burden of demonstrating that he is entitled to a one-level decrease as a result of a timely plea, *cf. United States v. Morillo*, 8 F.3d 864, 871 (1st Cir.1993), and that the court committed clear error when it found that he had not

---

**3.** The court also denied Marroquin a decrease under § 3E1.1(b)(1) because it found that he did not timely provide complete information concerning his criminal activity. Marroquin does not challenge that denial and so we need not address it.

entered a timely plea of guilty for purposes of § 3E1.1(b)(2). Section 3E1.1(b)(2) requires "timely notif[ication to] authorities of [a defendant's] intention to enter a plea" and lists two elements for determining if that happened: first, the plea must have been timely enough to have "permit[ted] the government to avoid preparing for trial"; second, its timeliness must be such as to have "permitt[ed] the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b)(2). We analyze these factors in turn, bearing in mind that the timeliness of defendant's acceptance of responsibility is "context-specific." *United States v. Munoz,* 83 F.3d 7, 8–9 n. 1 (1st Cir.1996) (citing U.S.S.G. § 3E1.1 comment (n.6)).

### A. *Trial Preparation by the Government.*

██ The district court denied Marroquin's request for an additional decrease primarily because it found that the government's responses to Marroquin's pre-trial motions and the chemical analysis performed by the government constituted trial preparation, especially given the relative simplicity of the case against Marroquin. We have said in dicta that work by prosecutors in responding to pre-trial motions can constitute "preparing for trial" within the purview of § 3E1.1(b)(2). *See id.* However, it is obvious that not every motion will force responses that should be characterized as trial preparation. Diligent defense attorneys regularly file motions after arraignment seeking information to enable them better to understand their client's case and help their client choose whether to plead or go to trial. They may also prudently file motions so as to lay ground work for future tactical choices or to deal with current client concerns such as bail and detention. In determining whether motions and the responses thereto are bars to the one-level decrease, a key question is whether their primary effect has been to force the government to engage in work preparatory for trial, or instead to provide information or relief serving legitimate ends other than trial preparation.

██ Having said this, we also recognize that motion practice may at times be carried on so aggressively or extensively as to impose heavy burdens upon the government. Even if motions do not force the government to prepare for trial, they may impose unreasonable burdens at odds with the purpose of § 3E1.1(b) to reward early-stage assistance to "authorities in the investigation or prosecution of [defendant's] own misconduct." We have stated that "defendants who put the prosecutors through their paces by loosing a heavy barrage of pretrial motions . . . usually cannot expect to receive the bonus discount." *United States v. Dethlefs,* 123 F.3d 39, 43 (1st Cir.1997) (citation omitted). The aim of U.S.S.G. § 3E1.1(b)(2), after all, is to reward a defendant who enters his plea *"particularly early* in the case" and thereby relieves the government and court of significant burdens. U.S.S.G. § 3E1.1, comment (n.6) (emphasis added). A defendant who files a bevy of motions in order to put prosecutors "through their paces" should be denied a reward of this type. Put another way, a defendant does not lose his right to the one-level decrease simply because his attorney has filed pre-trial motions to which the government responds—but he may be denied the decrease if the effect of the motions was to force the government to prepare for trial or if the motions placed unreasonable or unusually heavy burdens upon the government inconsistent with the purpose of the one-level decrease.

Marroquin filed eight pre-trial motions, seven of which elicited responses from the government prior to Marroquin's notification of his intent to plead guilty. Although the district court found that responding to Marroquin's motions had required a "great deal of work," it did not make any findings relating the government's responses to the preparation that the government would have had to make for trial, nor did it suggest that the motions were a "barrage," in the sense of being more numerous or more burdensome than reasonably justified at that stage.

The court did, however, criticize Marroquin for not pleading sooner so as to spare the government from the effort that went into answering all of the motions.

We have studied the government's responses to Marroquin's motions. We do not find that the responses, by themselves or collectively, fall into the trial preparation category. Marroquin's motions undoubtedly

forced the government to identify evidence for inspection and to do legal research—exercises that could later have proved useful if a trial had taken place. But this sort of contingent utility is not a barrier to relief under § 3E1.1.(b), provided the responses also served more immediate purposes distinct from trial preparation, and provided the motions were not excessive or unduly burdensome. The Guidelines do not force a defendant to forgo the filing of routine pre-trial motions as the price of receiving a one-step decrease.

The motions here were all of a kind appropriate at this pre-trial stage. Defendant moved for the government to retain rough notes; for discovery and inspection; for the government to reveal the identify of a confidential informant; and for a bill of particulars. Marroquin also moved to have his detention order revoked, to suppress, and for severance. No hearings were held. The government prepared written responses, the longest addressing the motion to sever.

■ The most troubling finding by the district court was that defendant delayed unduly by not pleading guilty earlier, before the government went to the extra trouble of responding to the motions. Marroquin responds that he pleaded just as soon as the government agreed to drop other charges against him, which he feared would have made him vulnerable to a higher sentence. We do not find Marroquin's delay excessive in all the circumstances.

Had Marroquin pleaded earlier, the government's bargain would plainly have been less favorable. There is no finding of intransigence, foot dragging, or unreasonableness on Marroquin's part relative to the plea bargaining. Marroquin pleaded guilty only two months after arraignment. Section 3E1.1(b)(2) speaks of timely notifying authorities of an intention to plead so as to permit the government to avoid preparing for trial. We do not think Marroquin's attorney had to give up a reasonable negotiation for a plea bargain, accomplished within this relatively brief time frame, in order to qualify his client for the one-level adjustment. In saying this, we add into our equation the additional factors discussed below, namely the government's insistence that it did not, in fact, prepare for trial, the absence of other evidence of trial preparation, and the government's own recommendation that Marroquin receive the one-level decrease. We do not suggest that Marroquin would be entitled to the adjustment without these important other factors.

### 2. *The Other Evidence.*

As just noted, another key factor is the government's concession that Marroquin entered into a timely plea. During the course of Marroquin's first appeal to this court, the government declared that "[t]he record suggests no obvious basis for denying the one-level reduction."[4] On remand, the government's attorney indicated clearly that the government had not prepared for trial:

[ATTORNEY]: Since there's been no preparation to [go to] trial. I would have to sit down . . .

THE COURT: What I'm trying to do is, what would you have to do to prepare for trial?

[ATTORNEY]: You would have to . . .

THE COURT: You're telling me there was no preparation.

[ATTORNEY]: That's right.

THE COURT: Maybe the preparation was already done.

[ATTORNEY]: Well, if it was, then [the government's first attorney] kept it exceedingly

---

4. In its plea agreement with Marroquin, the government took the position that, "if the Court is satisfied that the defendant has accepted responsibility at the time of sentencing, the defendant should be entitled to a three-level reduction in offense level pursuant to U.S.S.G. § 3E1.1(b)(2)." The court clearly found that Marroquin had accepted responsibility because it allowed a two-level reduction under § 3E1.1(a).

A plea agreement is, of course, not binding on a court and may be bargained for by a defendant, but, viewed in the context of the other evidence in the record, this plea agreement suggests that the government's initial attorney, who was in the best position to know, believed that the government had not engaged in any trial preparation.

well hidden. I have used other cases of his and gone through, and when he's prepared for trial, he at least has a file per witness that had some indication what he intends to ask that witness on the stand. I do not find that here, Your Honor.

The government explained that its case file did not contain any "indication that [the government] had begun preparing for trial.... [T]here is no, for example, no draft of a jury instruction[ ], there are no notes that I have been able to find that indicate he had begun to prepare witnesses for trial." The government's statements reinforce our conclusion that its responses to Marroquin's pre-trial motions were not related to trial preparation.

 Nor do the government's chemical analysis and the DEA Agent's affidavit demonstrate preparation for trial. At oral argument, the government explained that a chemical analysis is a standard procedure that is often performed as part of obtaining an indictment. Similarly, in response to a question from the district court, the government stated that the DEA Agent's affidavit "was part of the criminal complaint. I mean, it is the affidavit that sought the criminal complaint against a number of defendants, including [Marroquin]."

In denying the one-level adjustment, the court referred to the relative simplicity of the case against Marroquin, noting that "the Government had available to it *the witness* [the DEA Agent], who is no stranger to the courtroom." The government informed the district court, however, that it had not yet decided how many or which witnesses it would call.

THE COURT: Who would the witnesses have been in this case, do you know?

[ATTORNEY]: Other than [the DEA Agent], I cannot give the court a good recitation of who the witnesses would have been because I have not pre-

pared to go to trial on this case.

The court's apparent conclusion that the government would call only one witness was contradicted by the government's statement that it could well call a number of witnesses.

On this record, we come to the conclusion that the district court abused its discretion in concluding that the government had engaged in trial preparation substantial enough to deny Marroquin a one-level decrease under § 3E1.1(b)(2).

B. *Efficient Allocation of Judicial Resources.*

 A district court may certainly deny a one-level decrease to "a defendant who withholds a guilty plea until he stands poised on the brink of trial." *Morillo,* 8 F.3d at 872; *see also United States v. Kimple,* 27 F.3d 1409, 1413 (9th Cir.1994); *United States v. Donovan,* 996 F.2d 1343, 1345 (1st Cir.1993). We do not face that situation here. Marroquin gave notice of his intention to plead guilty on April 4. The court set a calendar call for April 13, on which date it apparently planned to set a specific trial date.

We cannot see how placing the case on the April 13 list, without more, materially burdened the court. If in fact more occurred—if what was done interfered in some specific way with the court's efficient allocation of judicial resources—we would have expected it to say so. No finding was made to this effect. Marroquin's plea nine days prior to the April 13 calendar call not only freed the court from having to schedule a trial date but also saved the court from considering Marroquin's eight pending pre-trial motions. At least without other illumination, we conclude that the district court's prior placement of Marroquin's case on the April 13 calendar call was, by itself, insufficient to justify a denial of a one-level decrease under 3E1.1(b)(2).

The decision whether to allow a sentencing decrease under § 3E1.1(b)(2) is normally a matter for the district court. Here, however, the district court did not find facts sufficient to support its ruling of noncompliance with § 3E1.1(b)(2). Nor can we divine any evidence in the record that would support the

district court's withholding of the adjustment. Accordingly, we hold that Marroquin is entitled to a further one-level reduction in his sentence pursuant to U.S.S.G. § 3E1.1(b)(2).

*Sentence vacated and case remanded to the district court for resentencing consistent with this opinion.*