Arboleda v. USA                    CV-96-199-SD   09/01/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


<u>Carlos Arboleda</u>

   v.                               Civil No. 96-199-SD

<u>United States of America</u>


O R D E R


    Carlos Arboleda has moved for relief pursuant to 28 U.S.C. §

2255.[1]  The government objects.

_____

    [1]28 U.S.C. § 2255 provides in relevant part:

        A prisoner in custody under sentence of a
        court established by Act of Congress claiming
        the right to be released upon the ground that
        the sentence was imposed in violation of the
        Constitution or laws of the United States, or
        that the court was without jurisdiction to
        impose such sentence, or that the sentence
        was in excess of the maximum authorized by
        law, or is otherwise subject to collateral
        attack, may move the court which imposed the
        sentence to vacate, set aside or correct the
        sentence.

## Background

The facts of the underlying criminal case are thoroughly set out by the First Circuit in United States v. Arboleda, 929 F.2d 858 (1st Cir. 1991), and will not be repeated here.

## Discussion

Petitioner Arboleda argues that he was deprived of his right to a grand jury indictment because the government proved a conspiracy significantly different from the general conspiracy charged in the indictment.

Citizens have a Fifth Amendment right to be tried only on a grand jury indictment. This right is violated when a criminal defendant is convicted on trial proof that varies from the allegations in the indictment. United States v. Miller, 471 U.S. 130, 134 (1984). Petitioner argues that the indictment alleged a broad cocaine conspiracy between Arboleda, Jean Lemieux, and others. The government's trial proof, argues petitioner, established two distinct conspiracies, one organized by Arboleda and the other by Lemieux. Thus the trial proof of two distinct conspiracies varied from the allegations of one expansive conspiracy.

Here, even assuming a variance, Arboleda suffered no prejudice. Berger v. United States, 295 U.S. 78, 82 (1935) (variance between charge and proof is harmless error unless it

2

affects defendant's substantive rights).  In <u>United States v. Glenn</u>, 828 F.2d 855 (1st Cir. 1987), the First Circuit addressed a fatal variance argument in a conspiracy trial.  There, the indictment charged a broad conspiracy to import both marijuana from Thailand and hashish from Pakistan.  At trial, the government only proved defendant Glenn's participation in a simpler conspiracy to import Pakistani hashish.  The court found that the resulting variance prejudiced defendant Glenn because "[t]he judge instructed the jury that even though there was no evidence that Glenn himself imported or physically possessed any marijuana, the jury could convict him on the substantive charges if they found him guilty of the charged conspiracy."  <u>Id.</u> at 859-60.  This instruction would not have been given had Glenn been indicted properly.  The jury convicted Glenn of importing and possessing marijuana, and he received a longer sentence than he would have for just the hashish conspiracy.

Unlike Glenn, Arboleda was not convicted of the substantive crimes committed by alleged co-conspirator Lemieux, nor was Arboleda sentenced on the basis of Lemieux's drug activities. The law would have permitted the sentence he received for either the conspiracy charged or the smaller conspiracy allegedly proved.  Thus Arboleda suffered no prejudice from the variance between the allegations and trial proof.  <u>See</u> <u>United States v.</u>

3

Doherty, 867 F.2d 47, 65 (1st Cir. 1989) (finding no prejudice where sentence could have been imposed for the conspiracy proved at trial).

Petitioner next argues that the sentencing court erred in applying the United States Sentencing Guidelines (USSG) to his conspiracy conviction because his conspiracy ended before the effective date of the Guidelines. Courts have held that it does not run afoul of the Ex Post Facto Clause to apply the Sentencing Guidelines to conspiracies that begin before the effective date of November 1987 and continue after that date. See United States v. Dale, 991 F.2d 819, 853 (D.C. Cir. 1993). Arboleda argues that the only trial evidence of post-November 1987 cocaine activity was Lemieux's testimony about a single cocaine transaction with Arboleda in 1988. Arboleda complains that such testimony did not carry sufficient indicia of reliability to justify reliance by the sentencing court. "In sentencing proceedings, . . . credibility determinations lie primarily within the realm of the [sentencing] court." United States v. Brewster, 1 F.3d 51, 55 (1st Cir. 1993). Lemieux's testimony regarding when he last purchased drugs from Arboleda was not so suspect that no rational fact finder would credit it. Thus the sentencing court was justified in relying on Lemieux's testimony in fixing the dates of Arboleda's conspiracy.

4

Arboleda next challenges the court's findings with regard to the quantity of cocaine attributable to him for sentencing purposes. In determining the amount of drugs to be attributed to a defendant, the court may consider, among other things, trial testimony and the presentence report. United States v. Morris, 46 F.3d 410, 425 (5th Cir.), cert. denied, 515 U.S. 1150 (1995). "So long as the information concerning the quantity of drugs involved has 'sufficient indicia of reliability to support its probable accuracy,' the sentencing judge may consider it." United States v. Mocciola, 891 F.2d 13, 16 (1st Cir. 1989) (quoting United States v. Roberts, 881 F.2d 95, 106 (4th Cir. 1989)).

At the outset, the court notes that at the sentencing hearing it found Arboleda responsible for 100 kilograms of cocaine, which indicated a base offense level of 36, covering at least 50 but less than 150 kilograms of cocaine. Thus Arboleda can only qualify for a lower base offense level if the court overestimated the quantity of cocaine by more than 50 kilograms.

In attributing 100 kilograms to Arboleda, the court relied upon the presentence report, Morris, supra, 46 F.3d at 425 ("The district court may rely on the information in the presentence report if the information has some minimum indicium of reliability."), and trial testimony, which together support the

5

conclusion that Arboleda dealt with at least 100 kilograms of cocaine. See Presentence Report (part of Exhibit B to petitioner's memorandum) at 9, ¶ 16 ("the probation officer submits that between 100 and 150 kilograms of cocaine can be attributable to the defendant"); Trial Transcript volume 4 (Tr. IV) 171-191 (Lemieux testimony); Tr. III 217, 230 (Mical testimony); Tr. II 164-65 (Riberdy testimony). Petitioner complains that such information does not carry the necessary indicia of reliability because he did not have a meaningful opportunity to develop trial evidence on the issue of drug quantities. At trial, Arboleda maintained his innocence of drug trafficking. He could not have been expected to deny participation in the drug trafficking conspiracy while simultaneously offering evidence on the quantity of drugs. Arboleda cites then-Chief Judge Stephen Breyer's article, *Federal Sentencing Guidelines and the Key Compromises upon which They Rest*, 17 Hofstra L. Rev. 1 (1988), which states, "A drug crime defendant . . . cannot be expected to argue at trial to the jury that, even though he never possessed any drugs, if he did so, he possessed only one hundred grams and not five hundred, as the government claimed." Id. at 10; see also United States v. Zuleta-Alvarez, 922 F.2d 33, 36 (1st Cir. 1990), cert. denied, 500 U.S. 927 (1991). Arboleda complains that the trial evidence

6

on the issue of quantities was comprised solely of the government witnesses' unchallenged testimony and was one-sided and unreliable.

However, the court gave Arboleda an opportunity to produce quantity evidence at the sentencing hearing. Arboleda declined that opportunity, and his attorney said, "[W]e will essentially rest on the Court's memory of the evidence that occurred at trial." Tr. of March 13, 1990, sentencing hearing at 3. Petitioner cannot now complain that he had no meaningful opportunity to develop evidence on the issue of quantity.

Arboleda goes to great lengths to explicate the points of impeachment against the witnesses who testified on the issue of drug quantities, such as their cooperation with the government and lack of corroboration. However, Arboleda had full opportunity to develop impeachment at trial, and simply because there are points to impeach the witnesses does not mean that their testimony carries no indicia of reliability.

Arboleda next challenges the court's denial of an acceptance of responsibility (AOR) reduction. A sentencing court's evaluation of a defendant's acceptance of responsibility "is entitled to great deference on review." USSG § 3E1.1, comment 5; United States v. Marroquin, 136 F.3d 220, 223 (1st Cir. 1998). "This adjustment is not intended to apply to a defendant who puts

7

the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." USSG § 3E1.1, comment 2. The court denied the AOR reduction because, while Arboleda pled guilty to the original indictment, he withdrew that plea and put the government to its burden of proof at trial on the superseding indictment. Tr. of March 13, 1990, sentencing hearing at 14. Arboleda contends that the court's error was in assuming that, simply because Arboleda put the government to its proof, he was disqualified from the AOR reduction. As support, he cites comment 2, USSG § 3E1.1, which provides, "Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction." However, the comment goes on to say that only in "rare situations" will conviction by trial not preclude an AOR reduction. Arboleda has not demonstrated why this is such a "rare situation." Thus the court will not disturb its previous finding that Arboleda is not entitled to an AOR reduction.

Petitioner next makes an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984). The standard for such claim is that, first, counsel's performance must have fallen below an objective standard of reasonableness, and, second, there is a reasonable probability that, but for

8

counsel's errors, the result of the proceedings would have been different.  Id. at 687.

Arboleda argues that his trial counsel made several unreasonable mistakes.  However, he admits he is guilty of a cocaine conspiracy that fully supports his sentence.  Thus Arboleda cannot meet the second prong of Strickland that, but for his counsel's mistakes, he would have been acquitted by the jury.  Arboleda also argues that his counsel's performance on appeal fell below an objective standard of reasonableness because his counsel did not raise the constitutional arguments that Arboleda raises in this habeas petition.  However, as this court has rejected Arboleda's constitutional claims as meritless, it was not unreasonable for Arboleda's counsel to fail to raise those claims.


## Conclusion

For the foregoing reasons, petitioner's motion to vacate and set aside his sentence is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 1, 1998

cc:  Carlos Arboleda, pro se
     Paul M. Gagnon, Esq.

9