**UNITED STATES of America, Appellee,**

v.

**Darius HINES, Defendant, Appellant.**

**No. 98–1821.**

United States Court of Appeals, First Circuit.

Heard Oct. 4, 1999.

Decided Nov. 8, 1999.

Roger Witkin with whom Arnold P. Cohen was on brief, for appellant.

Vicki S. Marani, Department of Justice, with whom Donald K. Stern, United States Attorney, and George W. Vien, Assistant United States Attorney, was on brief, for the United States.

Before BOUDIN, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.

BOUDIN, Circuit Judge.

Darius Hines was charged under a fourth superceding indictment with possessing and distributing cocaine base on six specific occasions and conspiracy to do the same. 21 U.S.C. §§ 841, 846. Prior to trial, there were apparently some discussions with the government as to a possible plea, of which more hereafter, but no agreement was reached. Four days before trial, the government filed an information under 21 U.S.C. § 851, setting forth Hines's prior convictions, a necessary predicate for subjecting him to increased punishment on account of prior convictions. *See* 21 U.S.C. §§ 841(b)(1)(A), 851(a).

Trial began on February 17, 1998. Both sides presented opening arguments and the government offered testimony of a key police witness. On the second day of trial, after this witness concluded his direct testimony, the parties attempted to negotiate a plea. The next day, as the trial was about to resume, the defendant agreed to plead guilty to all charges and, in exchange, the government agreed to withdraw the information under section 851 and to recommend at sentencing a two-level reduction in the defendant's offense level for acceptance of responsibility.

The plea agreement included a provision by which Hines explicitly agreed to waive his right to appeal any sentence that did not exceed the maximum statutory penalty. At a plea hearing conducted on February 19, 1998, the government described the terms of the plea bargain, including the provision waiving Hines's right to appeal

from the sentence so long as it did not exceed the statutory maximum.[1]

Three months later, the court held a sentencing hearing. Hines sought a three-level reduction in his offense level for acceptance of responsibility; the government supported a two-level reduction, as promised, but it opposed the third level which is available, *inter alia*, where the defendant otherwise has a criminal offense level of 16 or higher, qualifies for a two-level reduction for acceptance of responsibility, and "has assisted authorities in the investigation or prosecution of his own misconduct" by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

U.S.S.G. § 3E1.1(b) (1997).

The district court ruled that Hines was entitled to a two-level but not a three-level reduction; that with that reduction, Hines was subject under the guidelines to a minimum sentence of 292 months' imprisonment; that the court was exercising its discretion to reduce this by 58 months to account for time served under state law for related activities, U.S.S.G. § 5G1.3(c); and that Hines was therefore sentenced to 234 months' imprisonment. Hines then noticed an appeal and the district court, being reminded of the waiver, said that the validity of the appeal in light of the waiver was a matter for this court.

On this appeal, the government suggests that we ought not reach the merits—Hines's claim that he was entitled to the three-level reduction—because his waiver precludes an appeal. In response, Hines says that, as a matter of public policy, such waivers should not be enforced against a defendant and that, in any event, his waiver was not knowing or voluntary. This circuit has no published opinion that squarely decides whether such waivers are valid. *See, e.g., United States v. Springer*, 28 F.3d 236, 237 (1st Cir.1994) (reserving issue).

In the end, the question may be not "whether" waivers are allowed but when, what kind, upon what explanation, and to what extent. Just what purports to be waived, and in what circumstances, may vary from case to case; and even the government concedes that circuits that have upheld waivers have also marked out limitations. *E.g., United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir.1995); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992). The issues may be best left to a case where the asserted waiver would affect our outcome.

■ In this case, we have no reason to decide the waiver issue since the result is the same whether the waiver is given effect or the merits are resolved. Nor is this a case in which a valid waiver deprives us of "jurisdiction" and creates a possible objection to bypassing waiver and deciding the merits; this court's jurisdiction to decide a timely appeal from a sentence is established by statute, and the choice among available grounds for disposition is a matter for the informed judgment of the court. *Cf. United States v. Brundidge*, 170 F.3d 1350, 1354 & n. 4 (11th Cir.1999); *TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 924 (1st Cir.1995).

■ As a predicate, we note that under the guidelines, a three-level reduction under section 3E1.1(b)(2) is mandatory if the stated conditions are met. *United States v. Marroquin*, 136 F.3d 220, 223 (1st Cir. 1998); *United States v. Talladino*, 38 F.3d 1255, 1263–64 (1st Cir.1994). The only disputed condition in this case is whether

---

**1.** It is unclear whether there was a written agreement, but neither side contests that the parties did enter into a plea agreement and that the waiver provision was properly described in open court, so we need not pursue this issue.

Hines "timely notif[ied]" the prosecutor of "his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b)(2).

Given the purpose set forth in the "thereby" clause, the notice of an intent to plead guilty must ordinarily be given well before trial. This is made explicit in the commentary, which says that to qualify for the third level reduction, the notice will usually occur "particularly early in the case," and must come "at a sufficiently early point in the process so that the government may avoid preparing for trial." U.S.S.G. § 3E1.1, comment. (n.6). Our paraphrase of the guideline makes the same point. *Marroquin,* 136 F.3d at 224. Here, of course, Hines did not agree to plead guilty until trial was actually underway and the government had called one witness and prepared others.

To this fact, Hines responds that he was ready to plead guilty well before trial but—according to his counsel's proffer at sentencing—the government refused to agree to a plea unless a specific co-defendant of Hines also pleaded guilty. The government did not directly respond to this proffer and we will assume its accuracy.[2] But, of course, the government's consent to a guilty plea is not required, so what Hines actually means is that the government would not agree before trial to conferring certain benefits within its control, *i.e.,* providing its support for a two-level reduction for acceptance of responsibility and withholding or withdrawing the information.

Although the guideline language does not nail down the point, we think that in general the "plea of guilty" it envisages is an unconditional plea to the indictment, *see United States v. Morillo,* 8 F.3d 864, 871–72 (1st Cir.1993)—unless the government and defendant agree to some lesser set of offenses, conditions, or both, *see United States v. Donovan,* 996 F.2d 1343, 1345 (1st Cir.1993) (dicta). Otherwise, a defendant could offer at the outset to plead guilty to only one of several offenses or to a lesser offense and then claim to have satisfied the requirement of "timely" notice. Yet this general rule cannot be stated without qualifications and the sentencing judge is entitled to some latitude to cope with variations.

Imagine, for example, that a defendant offers to plead to all counts but one, saying with good cause that this last charge is unconstitutional, and imagine further that on the eve of trial the judge agrees, the last count is dismissed, and a guilty plea is taken to all other counts. Or suppose that well before trial the defendant admits his guilt on all counts but one, pleads guilty to all other counts, and is acquitted at trial on the remaining count. In both cases, one might *argue* (we do not decide the outcome) that the spirit of the guideline would be satisfied; and, remember that the guideline itself does not say "plea of guilty" to what.

But all of this does Hines no good: he admits that he was guilty as charged in the indictment, yet he refused to plead guilty until trial had begun. He now suggests that this is because the government held over his head the threat of the section 851 information; its filing, Hines says, would have meant a mandatory life sentence— making acceptance of responsibility meaningless.[3] He argues that in these extreme circumstances, the refusal to plead guilty

---

**2.** The co-defendant did agree to plead guilty in the course of the same trial, and it appears that the government then reached agreement with Hines.

**3.** Although the basis for this contention is nowhere explained, 21 U.S.C. § 841(b)(1)(A) provides that a defendant convicted of distributing or possessing with intent to distribute 50 grams or more of cocaine base is subject to "a mandatory term of life imprisonment" if the offense is committed "after two or more prior convictions for a felony drug offense have become final." However, if the information under section 851 is not filed, the minimum sentence is ten years imprisonment.

in advance of trial should not be regarded as inconsistent with a full three-level reduction. Reversing the cliche about Wagner's music, the argument sounds better than it is.

■ The two-level reduction is for contrition and contrition can exist even where, albeit in unusual circumstances, the defendant goes to trial.[4] But the third level is for helping the authorities save resources by one of two specified steps—the one here at issue is by a pre-trial plea of guilty. *See United States v. Williams*, 86 F.3d 1203, 1206 (D.C.Cir.1996); *United States v. Covarrubias*, 65 F.3d 1362, 1367–68 (7th Cir.1995). As already noted, there *might* be some basis for a three-level reduction where the defendant resists an early plea to an indictment that is itself overbroad as to one or more of its charges; but so far as we know, there was nothing whatever improper about the section 851 information that the government held in reserve, then filed, and later withdrew.

The government's actions in this regard are unexplained, but it is quite possible that, until the co-defendant pleaded, the government held the threat of a mandatory life sentence over Hines's head in order to coerce Hines's cooperation. These are rough tactics, but prosecution of drug conspiracies is a rough business. In *Donovan*, we sustained the denial of a three-level reduction for a defendant who pled guilty on the eve of trial; there, too, the defendant said that his offer to plead guilty to reduced charges had been made earlier but the government had refused it to obtain cooperation. *Donovan*, 996 F.2d at 1345 n. 4. At worst, this case is another *Donovan.*

*Affirmed.*

---

4. This is explicitly noted in the commentary. U.S.S.G. § 3E1.1, comment. (n.2); *United States v. Ellis*, 168 F.3d 558, 564 (1st Cir. 1999); *United States v. Bennett*, 37 F.3d 687, 696–97 (1st Cir.1994).