USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1821

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 DARIUS HINES,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 
 Bownes, Senior Circuit Judge,
 
 and Stahl, Circuit Judge.
 
 
 
 
 Roger Witkin with whom Arnold P. Cohen was on brief for
appellant.
 Vicki S. Marani, Department of Justice, with whom Donald K.
Stern, United States Attorney, and George W. Vien, Assistant United
States Attorney, was on brief for the United States.

November 8, 1999

 
 

 BOUDIN, Circuit Judge. Darius Hines was charged under a
fourth superceding indictment with possessing and distributing
cocaine base on six specific occasions and conspiracy to do the
same. 21 U.S.C. 841, 846. Prior to trial, there were
apparently some discussions with the government as to a possible
plea, of which more hereafter, but no agreement was reached. Four
days before trial, the government filed an information under 21
U.S.C. 851, setting forth Hines's prior convictions, a necessary
predicate for subjecting him to increased punishment on account of
prior convictions. See 21 U.S.C. 841(b)(1)(A), 851(a).
 Trial began on February 17, 1998. Both sides presented
opening arguments and the government offered testimony of a key
police witness. On the second day of trial, after this witness
concluded his direct testimony, the parties attempted to negotiate
a plea. The next day, as the trial was about to resume, the
defendant agreed to plead guilty to all charges and, in exchange,
the government agreed to withdraw the information under section 851
and to recommend at sentencing a two-level reduction in the
defendant's offense level for acceptance of responsibility.
 The plea agreement included a provision by which Hines
explicitly agreed to waive his right to appeal any sentence that
did not exceed the maximum statutory penalty. At a plea hearing
conducted on February 19, 1998, the government described the terms
of the plea bargain, including the provision waiving Hines's right
to appeal from the sentence so long as it did not exceed the
statutory maximum.
 Three months later, the court held a sentencing hearing. 
Hines sought a three-level reduction in his offense level for
acceptance of responsibility; the government supported a two-level
reduction, as promised, but it opposed the third level which is
available, inter alia, where the defendant otherwise has a criminal
offense level of 16 or higher, qualifies for a two-level reduction
for acceptance of responsibility, and "has assisted authorities in
the investigation or prosecution of his own misconduct" by taking
one or more of the following steps:
 (1) timely providing complete information to
 the government concerning his own involvement
 in the offense; or

 (2) timely notifying authorities of his
 intention to enter a plea of guilty, thereby
 permitting the government to avoid preparing
 for trial and permitting the court to allocate
 its resources efficiently.

U.S.S.G. 3E1.1(b) (1997).

 The district court ruled that Hines was entitled to a
two-level but not a three-level reduction; that with that
reduction, Hines was subject under the guidelines to a minimum
sentence of 292 months' imprisonment; that the court was exercising
its discretion to reduce this by 58 months to account for time
served under state law for related activities, U.S.S.G. 5G1.3(c);
and that Hines was therefore sentenced to 234 months' imprisonment. 
Hines then noticed an appeal and the district court, being reminded
of the waiver, said that the validity of the appeal in light of the
waiver was a matter for this court.
 On this appeal, the government suggests that we ought not
reach the merits--Hines's claim that he was entitled to the three-
level reduction--because his waiver precludes an appeal. In
response, Hines says that, as a matter of public policy, such
waivers should not be enforced against a defendant and that, in any
event, his waiver was not knowing or voluntary. This circuit has
no published opinion that squarely decides whether such waivers are
valid. See, e.g., United States v. Springer, 28 F.3d 236, 237 (1st
Cir. 1994) (reserving issue).
 In the end, the question may be not "whether" waivers are
allowed but when, what kind, upon what explanation, and to what
extent. Just what purports to be waived, and in what
circumstances, may vary from case to case; and even the government
concedes that circuits that have upheld waivers have also marked
out limitations. E.g., United States v. Schmidt, 47 F.3d 188, 190
(7th Cir. 1995); United States v. Marin, 961 F.2d 493, 496 (4th
Cir. 1992). The issues may be best left to a case where the
asserted waiver would affect our outcome.
 In this case, we have no reason to decide the waiver
issue since the result is the same whether the waiver is given
effect or the merits are resolved. Nor is this a case in which a
valid waiver deprives us of "jurisdiction" and creates a possible
objection to bypassing waiver and deciding the merits; this court's
jurisdiction to decide a timely appeal from a sentence is
established by statute, and the choice among available grounds for
disposition is a matter for the informed judgment of the court. 
Cf. United States v. Brundidge, 170 F.3d 1350, 1354 & n.4 (11th
Cir. 1999); TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 924 (1st
Cir. 1995).
 As a predicate, we note that under the guidelines, a
three-level reduction under section 3E1.1(b)(2) is mandatory if the
stated conditions are met. United States v. Marroquin, 136 F.3d
220, 223 (1st Cir. 1998); United States v. Talladino, 38 F.3d 1255,
1263-64 (1st Cir. 1994). The only disputed condition in this case
is whether Hines "timely notif[ied]" the prosecutor of "his
intention to enter a plea of guilty, thereby permitting the
government to avoid preparing for trial and permitting the court to
allocate its resources efficiently." U.S.S.G. 3E1.1(b)(2).
 Given the purpose set forth in the "thereby" clause,
the notice of an intent to plead guilty must ordinarily be given
well before trial. This is made explicit in the commentary, which
says that to qualify for the third level reduction, the notice 
will usually occur "particularly early in the case," and must come
"at a sufficiently early point in the process so that the
government may avoid preparing for trial." U.S.S.G. 3E1.1,
comment. (n.6). Our paraphrase of the guideline makes the same
point. Marroquin, 136 F.3d at 224. Here, of course, Hines did not
agree to plead guilty until trial was actually underway and the
government had called one witness and prepared others.
 To this fact, Hines responds that he was ready to plead
guilty well before trial but--according to his counsel's proffer at
sentencing--the government refused to agree to a plea unless a
specific co-defendant of Hines also pleaded guilty. The government
did not directly respond to this proffer and we will assume its
accuracy. But, of course, the government's consent to a guilty
plea is not required, so what Hines actually means is that the
government would not agree before trial to conferring certain
benefits within its control, i.e., providing its support for a two-
level reduction for acceptance of responsibility and withholding or
withdrawing the information.
 Although the guideline language does not nail down the
point, we think that in general the "plea of guilty" it envisages
is an unconditional plea to the indictment, see United States v.
Morillo, 8 F.3d 864, 871-72 (1st Cir. 1993)--unless the government
and defendant agree to some lesser set of offenses, conditions, or
both, see United States v. Donovan, 996 F.2d 1343, 1345 (1st Cir.
1993) (dicta). Otherwise, a defendant could offer at the outset to
plead guilty to only one of several offenses or to a lesser offense
and then claim to have satisfied the requirement of "timely"
notice. Yet this general rule cannot be stated without
qualifications and the sentencing judge is entitled to some
latitude to cope with variations.
 Imagine, for example, that a defendant offers to plead to
all counts but one, saying with good cause that this last charge is
unconstitutional, and imagine further that on the eve of trial the
judge agrees, the last count is dismissed, and a guilty plea is
taken to all other counts. Or suppose that well before trial the
defendant admits his guilt on all counts but one, pleads guilty to
all other counts, and is acquitted at trial on the remaining count. 
In both cases, one might argue (we do not decide the outcome) that
the spirit of the guideline would be satisfied; and, remember that
the guideline itself does not say "plea of guilty" to what.
 But all of this does Hines no good: he admits that he
was guilty as charged in the indictment, yet he refused to plead
guilty until trial had begun. He now suggests that this is because
the government held over his head the threat of the section 851
information; its filing, Hines says, would have meant a mandatory
life sentence--making acceptance of responsibility meaningless. 
He argues that in these extreme circumstances, the refusal to plead
guilty in advance of trial should not be regarded as inconsistent
with a full three-level reduction. Reversing the cliche about
Wagner's music, the argument sounds better than it is.
 The two-level reduction is for contrition and contrition
can exist even where, albeit in unusual circumstances, the
defendant goes to trial. But the third level is for helping the
authorities save resources by one of two specified steps--the one
here at issue is by a pre-trial plea of guilty. See United States
v. Williams, 86 F.3d 1203, 1206 (D.C. Cir. 1996); United States v.
Covarrubias, 65 F.3d 1362, 1367-68 (7th Cir. 1995). As already
noted, there might be some basis for a three-level reduction where
the defendant resists an early plea to an indictment that is itself
overbroad as to one or more of its charges; but so far as we know,
there was nothing whatever improper about the section 851
information that the government held in reserve, then filed, and
later withdrew.
 The government's actions in this regard are unexplained,
but it is quite possible that, until the co-defendant pleaded, the
government held the threat of a mandatory life sentence over
Hines's head in order to coerce Hines's cooperation. These are
rough tactics, but prosecution of drug conspiracies is a rough
business. In Donovan, we sustained the denial of a three-level
reduction for a defendant who pled guilty on the eve of trial;
there, too, the defendant said that his offer to plead guilty to
reduced charges had been made earlier but the government had
refused it to obtain cooperation. Donovan, 996 F.2d at 1345 n.4. 
At worst, this case is another Donovan. 
 Affirmed.